IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34374-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| ANGELA ELIZABETH KING, | ) | |
| a/k/a ANGELA ELIZABETH MENDOZA, | ) | |
| a/k/a ANGELA ELIZABETH VARGAS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Angela Elizabeth Mendoza[1] appeals her conviction for trafficking

in stolen property in the first degree. She contends the prosecutor committed flagrant

irremediable misconduct by misstating the law regarding the presumption of innocence

during closing argument. Alternatively, she argues she received ineffective assistance of

counsel when defense counsel failed to object to this misstatement. We affirm.

---

[1] The appellant is identified by several surnames in the record on appeal. For
clarity and consistency, we refer to her by the one utilized throughout trial: Mendoza.

No. 34374-0-III
*State v. Mendoza*

ANALYSIS

Ms. Mendoza was convicted of first degree trafficking in stolen property. The facts of Ms. Mendoza's case leading up to trial are irrelevant to the issue on appeal and need not be recounted. Instead, Ms. Mendoza's complaint rests on the following statement uttered by the prosecuting attorney during closing argument: "We've talked about the presumption of innocence. The defendant is presumed to be innocent at this point. *That presumption remains here until you go to the jury room and deliberate on the case.*" 3 Verbatim Report of Proceedings (Mar. 24, 2016) at 118-19 (emphasis added). The defense raised no objection to this statement during trial. Nevertheless, Ms. Mendoza claims the prosecutor's comment requires reversal either under a theory of prosecutorial misconduct or ineffective assistance of counsel.

We agree with Ms. Mendoza that the prosecutor misstated the law. Our cases explain that the "presumption of innocence continues 'throughout the entire trial' and may be overcome, if at all, only during the jury's deliberations." *State v. Venegas*, 155 Wn. App. 507, 524, 228 P.3d 813 (2010) (quoting 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.01, at 85 (3d ed. 2008)). By using the word "until," the prosecutor suggested the presumption of innocence ended the moment the jurors walked into the jury room. This was incorrect. *State v. Reed*, 168 Wn.

2

App. 553, 578, 278 P.3d 203 (2012).

Although the prosecutor misspoke, reversal is unwarranted. When no objection is made to a prosecutor's misstatement of law during closing argument, we will not reverse unless the misstatement was so flagrant and misleading that it could not have been corrected by a curative instruction. *Id.* This is a classic example of an isolated misstatement that could easily have been corrected upon request. *See id.* at 579. We will not disturb a jury verdict under such circumstances.[2]

While defense counsel should have objected to the prosecutor's misstatement, Ms. Mendoza's ineffective assistance of counsel claim fails because she cannot establish prejudice. The prosecutor's remark was a very small part of his argument. It was neither repeated nor emphasized. Although, with the assistance of a transcript, we can parse the prosecutor's comment and discern error, there is no reason to think the prosecutor's momentary misstatement had an impact on the jury. The jury was properly instructed and told to disregard any statements by the attorneys that are not supported by the law. We presume the jury follows the court's instructions absent evidence to the contrary. *State v.*

---

[2] *State v. Evans*, 163 Wn. App. 635, 648, 260 P.3d 934 (2011); *State v. Johnson*, 158 Wn. App. 677, 243 P.3d 936 (2010); *Venegas*, 155 Wn. App. at 525; and *State v. Fleming*, 83 Wn. App. 209, 213-16, 921 P.2d 1076 (1996) all involved multiple misstatements of law.

No. 34374-0-III
*State v. Mendoza*

*Lamar*, 180 Wn.2d 576, 586, 327 P.3d 46 (2014). Ms. Mendoza has failed to show a

basis for reversal.

CONCLUSION

Ms. Mendoza's conviction is affirmed. Her request to deny costs is granted.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

I CONCUR:

_____
Korsmo, J.

4

No. 34374-0-III

FEARING, C.J. (concurring) — I concur in the majority's decision, but I write separately because of a vacuous state of the law regarding prosecutorial misconduct. Conflicting decisions and principles occupy this field of law. These variances offer the court different paths to follow, which paths lead to opposite ends. I fear that available opposing paths allow reviewing judges unlimited discretion in deciding the outcome of prosecutorial misconduct appeals such that our personal partialities influence the results of cases.

Typically in opinions we refer to the prosecution as the "State," but, in the context of purported prosecutorial misconduct, we shift our argot from the "State" to the "prosecutor," almost as if the prosecuting attorney strode outside his or her role as a State agent when engaging in claimed misconduct. To a layperson, the term "misconduct" denotes intentional and bad conduct. Nevertheless, in the context of "prosecutorial misconduct," the concept expands to simple and unintentional mistakes.

Angela Mendoza's trial prosecutor told the jury that:

> We've talked about the presumption of innocence. The defendant is presumed to be innocent at this point. That presumption remains here until you go to the jury room and deliberate on the case.

Report of Proceedings (RP) at 118-19. The easy part of the appeal is concluding that the

prosecutor engaged in misconduct not necessarily in the sense of deliberate delinquent behavior, but at least in the sense of committing error. The difficult part of the appeal is characterizing the nature and degree of the misconduct, and determining what, if any, prejudice Mendoza suffered. The grade of the prosecutorial misconduct and the extent of the prejudice control whether we reverse Mendoza's conviction.

Angela Mendoza's prosecutor perpetrated misconduct because the closing remarks eroded the presumption of innocence that does not end when the jury enters the jury room. The presumption continues while the jury deliberates and until the jury finds the evidence established guilt beyond a reasonable doubt. The presumption of innocence does not stop at the beginning of deliberations; rather, the presumption persists until the jury, after considering all the evidence and the instructions, becomes satisfied that the State proved the charged crime beyond a reasonable doubt. *State v. Evans*, 163 Wn. App. 635, 643, 260 P.3d 934 (2011). The presumption continues throughout the trial and may only be overcome, if at all, during deliberations. *State v. Evans*, 163 Wn. App. at 643; *State v. Venegas*, 155 Wn. App. 507, 524, 228 P.3d 813 (2010).

The presumption of innocence arises from the federal and state constitutions. The presumption of innocence, although not expressly enumerated in the Constitution, comprises a basic component of a fair trial under our system of criminal justice as protected by both the state and United States Constitutions. *Estelle v. Williams*, 425 U.S.

2

501, 503, 96 S. Ct. 1691, 48 L. Ed. 2d 126 (1976); *State v. Finch*, 137 Wn.2d 792, 844, 975 P.2d 967 (1999). The presumption of innocence is the bedrock on which the criminal justice system stands. *State v. Warren*, 165 Wn.2d 17, 26, 195 P.3d 940 (2008); *State v. Bennett*, 161 Wn.2d 303, 315, 165 P.3d 1241 (2007). Washington courts, as guardians of all constitutional protections, are vigilant to protect the presumption of innocence. *State v. Warren*, 165 Wn.2d at 26; *State v. Bennett*, 161 Wn.2d at 316.

A Washington statute confirms the constitutional dictate of a presumption of innocence. RCW 10.58.020 declares, in part:

> Every person charged with the commission of a crime shall be presumed innocent until the contrary is proved by competent evidence beyond a reasonable doubt.

At least six Washington decisions directly or indirectly address a prosecutor's errant remark in diminishing the presumption of innocence. In *State v. Warren*, 165 Wn.2d 17, the prosecutor, in closing argument, told the jury that reasonable doubt does not mean giving the defendant the benefit of the doubt. The *Warren* court observed that the prosecutor committed misconduct. Although Warren's prosecutor's argument did not restate Angela Mendoza's prosecutor's words about the presumption of innocence ending when the jury retires to the jury room, the comments attacked the presumption of innocence.

In *State v. Fleming*, 83 Wn. App. 209, 921 P.2d 1076 (1996), the prosecuting

3

attorney commented, during summation, that to find the defendants not guilty of rape, the jury must either find that the victim lied or was confused. This court held that the prosecutor misstated the law and misrepresented the role of the jury and the burden of proof. The argument conflicted with the State's burden of proving each element of its case beyond a reasonable doubt. The need to establish each element beyond a reasonable doubt is a corollary to the presumption of innocence.

In *State v. Johnson*, 158 Wn. App. 677, 243 P.3d 936 (2010), the trial court instructed the jury that the State must prove all elements of the crime beyond a reasonable doubt. The prosecutor told the jury that, to acquit the defendant, the jury needed to find a reason for its doubt in the defendant's guilt and that the jury needed to disbelieve the defendant's testimony. The court held that the argument constituted misconduct since the argument subverted the defendant's presumption of innocence.

In *State v. Venegas*, the prosecutor argued, in closing, that the presumption of innocence "erodes each and every time you hear evidence that the defendant is guilty." 155 Wn. App. at 519. This court found this misstatement of the law to constitute prosecutorial misconduct.

In *State v. Evans*, the prosecutor, during closing, echoed the comments of Angela Mendoza's prosecutor. Evans' prosecutor informed the jury that presumptive innocence "kind of stops once you start deliberating." 163 Wn. App. at 643. This court held the

4

comment to be misconduct. The comment invited the jury to disregard the presumption of innocence once it began deliberating, a concept that diluted the State's burden of proof.

*State v. Reed*, 168 Wn. App. 553, 278 P.3d 203 (2012) restates the holding in *State v. Evans*. Reed's prosecutor engaged in misconduct by stating in rebuttal argument that the presumption of innocence "does last all the way until you walk into that [jury] room and start deliberating." *State v. Reed*, 168 Wn. App. at 578 (alteration in original). This court characterized the prosecutor's statement regarding the presumption of innocence as an incorrect statement of the law. Rather than dissipating at the beginning of deliberations, the presumption of innocence continues throughout the entire trial and may be overcome, if at all, during the jury's deliberations.

The State argues that the trial prosecutor did not misstate the law. The State contends that the prosecuting attorney meant that the presumption of innocence ends after the jury renders a final verdict at the end of deliberations. Nevertheless, the State's interpretation skews the ordinary meaning of the words uttered by the prosecuting attorney. The prosecutor commented: "That presumption remains here until you go to the jury room and deliberate on the case." RP at 119. The jury goes to the jury room at the commencement of deliberations, and the presumption of innocence endures after deliberations begin. The word "deliberate" does not entail the vote to convict after jury

5

discussion. The word means: "to think about or discuss issues and decisions carefully. •*The jury deliberated for several days before reaching a verdict.*" MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/deliberate (last visited July 3, 2017). The jury thinks about and discusses issues as much at the beginning of deliberations as at the end of deliberations. If the jury deliberated for days, as in the example given by the dictionary, the jury engaged in deliberations not only immediately before its final vote but also on the first day and during the first hour. Angela Mendoza's prosecutor echoed the comments made by the prosecutors in *State v. Evans* and *State v. Reed*.

Since we hold that Angela Mendoza's prosecuting attorney committed prosecutorial misconduct, we must next measure the extent of the misconduct. Mendoza's trial counsel failed to object to the misleading comments of the prosecutor concerning the presumption of innocence. Different rules reign concerning the nature of the misconduct the appellant must show to gain a new trial depending on whether defense counsel objected at trial.

The law encourages a party to raise objections at trial rather than for the first time on appeal. Despite this policy, one might argue that a defendant should be entitled to one free trial, even without an objection, when the prosecuting attorney misstates the law. The prosecutor should know the law, and the defendant should not undergo the

6

embarrassment of objecting before a jury to correct the prosecutor's mistake of the law. Vindication of an accused's rights should not depend on the skills of her lawyer and whether her lawyer timely objected to errors by the prosecuting attorney. According to one Supreme Court decision, the failure to object should and will not prevent a reviewing court from protecting a defendant's constitutional right to a fair trial. *State v. Walker*, 182 Wn.2d 463, 477, 341 P.3d 976, *cert denied*, 135 S. Ct. 2844, 192 L. Ed. 2d 876 (2015). The State, by its misconduct, bears the blame for any retrial despite the lack of an objection. Unless the courts impose a prophylactic rule that always reverses a conviction upon prosecutorial misconduct, a prosecuting attorney could knowingly continue to misstate the law with the expectation that a reviewing court will find no prejudice and affirm a verdict of guilt at least as long as he or she misstates the law only once.

Alas, the law consistently places a burden of objection on the criminal defendant with few exceptions. Counsel may not remain silent, speculating on a favorable verdict, and then, when it is adverse, use the claimed misconduct as a life preserver on a motion for new trial or on appeal. *State v. Russell*, 125 Wn.2d 24, 93, 882 P.2d 747 (1994); *State v. Reed*, 168 Wn. App. at 577-78 (2012). Proper and timely objections provide the trial court an opportunity to correct the prosecutorial misconduct and caution jurors to disregard it. *State v. Walker*, 182 Wn.2d at 477. Timely objections prevent abuse of the

7

appellate process and save the substantial time and expense of a new trial. *State v. Emery*, 174 Wn.2d 741, 761-62, 278 P.3d 653 (2012).

To prevail on appeal on a claim of prosecutorial misconduct when the defense objected below, a defendant must show first that the prosecutor's comments were improper and second that the comments were prejudicial. *State v. Warren*, 165 Wn.2d 17, 26 (2008); *State v. Yates*, 161 Wn.2d 714, 774, 168 P.3d 359 (2007); *State v. Russell*, 125 Wn.2d at 85. If defense counsel fails to object to the misconduct at trial, the defendant on appeal must show more than a misstatement of the law and some prejudice. We consider the claim of prosecutorial misconduct waived on appeal unless the misconduct is so flagrant and ill-intentioned that it evinces an enduring prejudice the trial court could not have cured by an instruction. *State v. Gregory*, 158 Wn.2d 759, 841, 147 P.3d 1201(2006), *overruled on other grounds by, Sate v. W. R.*, 181 Wn.2d 757, 336 P.3d 1134 (2014); *State v. Evans*, 163 Wn. App. at 642-43 (2011).

Because of Angela Mendoza's attorney's failure to object to the prosecutor's eroding of the presumption of innocence, this appeal tasks us with determining whether the prosecuting attorney's misconduct was flagrant and ill-intentioned and whether Mendoza suffered enduring prejudice. I question our ability to do so.

When defense counsel failed to object to prosecutorial misconduct, this court must find the prosecuting attorney to be ill-intentioned in order to grant the defendant relief.

8

"Ill-intention" means having malicious intentions. DICTIONARY.COM,

http://www.dictionary.com/browse/ill-intentioned (last visited July 3, 2017). A

prosecutor will likely never concede to malevolent intent. Thus, a reviewing court enters

a quagmire when attempting to discern the intentions of a prosecuting attorney.

The misconduct of the prosecutor must also be flagrant. "Flagrant" is something

considered "wrong or immoral[,] conspicuously or obviously offensive." OXFORD

ENGLISH DICTIONARY ONLINE, https://en.oxforddictionaries.com/definition/flagrant (last

visited July 3, 2017). Characterizing a prosecuting attorney's conduct as flagrant also is

problematic. I am generally able to assess a flagrant foul in professional basketball and

may even be able to distinguish between a flagrant one and flagrant two foul. I possess

this ability because I can see the player's conduct. Nevertheless, as an appellate judge, I

am unable to hear the prosecutor's intonation and view the prosecuting attorney's

mannerisms and do not necessarily comprehend the entire context of the misconduct. I

was not courtside.

Reviewing courts wish not to impugn any attorney with a ruling that the attorney

engaged in flagrant, malicious behavior. This reluctance particularly extends to a

prosecuting attorney who is a representative of the State of Washington and either an

elected official or the deputy of an elected official. Assessing whether prosecutorial

misconduct is flagrant and ill-intentioned imposes an embarrassing and difficult duty on a

9

reviewing court. For this and other reasons, courts may shy from assessing prosecutorial misconduct as flagrant. Such an assessment may depend on the predilection of individual judges rather than being based on the rule of law, and the outcome of the appeal could vary from panel to panel.

Despite the ill-intentioned standard, our Supreme Court directed us not to delve into the mind of the prosecutor. The Supreme Court has written twice that we should not focus on the prosecutor's subjective intent in committing misconduct, but instead on whether the defendant received a fair trial in light of the prejudice caused by the violation of existing prosecutorial standards and whether that prejudice could have been cured with a timely objection. *State v. Walker*, 182 Wn.2d at 478 (2015); *State v. Emery*, 174 Wn.2d at 762 (2012). This principle conflicts with the common understanding of ill-intention being subjective in nature. Intentions are always subjective.

The law affords a reviewing court few guidelines and standards for determining either the subjective or objective intentions of the prosecuting attorney. Nevertheless, at least two Washington courts have noted one factor to consider when determining if improper prosecutorial arguments were flagrant and ill-intentioned. An argument should be so characterized when a Washington court previously recognized those same arguments as improper in a published opinion. *State v. Johnson*, 158 Wn. App. at 685 (2010); *State v. Fleming*, 83 Wn. App. 213-14 (1996). In *State v. Fleming*, the

10

prosecuting attorney told the jury that to acquit the defendants of rape the jury must find that the victim lied or was confused. This court held the misconduct to be flagrant because the prosecutor uttered the argument two years after an opinion proscribing the argument.

We do not know the intentions of Angela Mendoza's trial prosecuting attorney. We do not know if Mendoza's trial prosecutor knew he misstated the presumption of innocence. Nevertheless, if we follow *Johnson* and *Fleming*, we would need to hold Mendoza's prosecutor to have engaged in flagrant and ill-intentioned conduct. Numerous decisions before the date of trial held that a prosecuting attorney should not tell a jury that the presumption of innocence ends when the jury enters the deliberation room. Any prosecutor should know not to render any comment that hints at ending the presumption when the jury goes "to the jury room and deliberate[s] on the case." RP at 118-19. This court, however, chooses not to follow the path of *Johnson* and *Fleming*.

In *State v. Warren*, the Washington high court highlighted the error of a prosecutor demeaning the presumption of innocence. The court wrote:

> The jury knows that the prosecutor is an officer of the State. It is, therefore, particularly grievous that this officer would so mislead the jury regarding the bedrock principle of the presumption of innocence, the foundation of our criminal justice system.

11

165 Wn.2d at 27. Based on this Supreme Court passage, a reviewing court could determine any erosion of the presumption of innocence to be flagrant and ill-intentioned. In this appeal, this court chooses not to follow the path of *Warren*.

Remember that, in the end, the defendant must show the prosecutorial misconduct resulted in enduring prejudice, if counsel raised no objection. The rule of prosecutorial misconduct is often phrased as requiring the defendant to demonstrate that the prosecutor's remark was so flagrant and ill-intentioned that no curative instruction would have been capable of neutralizing the resulting prejudice. *State v. Gregory*, 158 Wn.2d at 841 (2006); *State v. Evans*, 163 Wn. App. at 642-43 (2011). From this rule, one may deduce that the prosecutor's conduct is flagrant and ill-intentioned if and only if no curative instruction could correct the resulting prejudice. If so, the adjectives "flagrant" and "ill-intentioned" become redundant. We could streamline the rule by simply stating the defendant gains a new trial if and only if she establishes that no instruction could cure the prejudice of the prosecutor's misstatement. But this streamlined presentment of the rule begs the most important question in resolving appeals based on alleged prosecutorial misconduct: how do appellate judges, who did not observe the entire trial and who know nothing about the twelve jurors' thoughts and deliberations, determine whether a curative instruction will prevent the jury from being influenced by the prosecuting attorney's misstatement.

12

In Angela Mendoza's appeal, the majority probably applies a nonconstitutional prejudice standard. Under this standard, prosecutorial misconduct is grounds for reversal when there is a substantial likelihood the improper conduct affected the jury. *State v. Fisher*, 165 Wn.2d 727, 747, 202 P.3d 937 (2009); *State v. Gregory*, 158 Wn.2d at 858-59 (2006). This standard may echo the conventional nonconstitutional standard in other contexts stated awkwardly and backhandedly as whether, within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected. *State v. Gresham*, 173 Wn.2d 405, 433, 269 P.3d 207 (2012). In analyzing prejudice resulting from prosecutorial misconduct, we do not look at the comments in isolation, but in the context of the total argument, the issues in the case, the evidence, and the instructions given to the jury. *State v. Warren*, 165 Wn.2d at 28 (2008); *State v. Yates*, 161 Wn.2d at 774. When applying this standard, the court usually measures the strength of the State's evidence of guilt. *State v. Barry*, 183 Wn.2d 297, 303, 352 P.3d 161 (2015).

In their briefs, neither party addressed the strength or weakness of the State's evidence for purposes of appraising prejudice against Angela Mendoza. In turn, the majority has not reviewed any of the State's evidence. This court does not enlighten Mendoza whether we consider the State's evidence strong such that prosecutorial misconduct did not impact her verdict.

13

On a side note, our Supreme Court, in its recent decision of *State v. Walker*, 182 Wn.2d 463 (2015), rejected weighing the State's evidence when assessing prejudice in the context of prosecutorial misconduct. *Walker* did not entail a prosecutor's attempt to weaken the presumption of innocence. Instead, during closing the prosecutor employed a PowerPoint presentation that included 250 slides, one hundred of which were captioned with the words "DEFENDANT WALKER GUILTY OF PREMEDITATED MURDER." One slide showed Walker's booking photograph altered with the words "GUILTY BEYOND A REASONABLE DOUBT," which words were superimposed over the defendant's face in bold red letters. *State v. Walker*, 182 Wn.2d at 471-75 (boldface omitted). Other photographs juxtaposed the defendant with the victim and included inflammatory captions. Trial defense counsel remarkably never objected to the PowerPoint slides. The Supreme Court reversed the conviction and held that the prejudicial effect could not have been cured by a timely objection.

In *State v. Walker*, the Supreme Court directed an analysis that ignores the State's evidence. The court held that an analysis of "prejudicial impact" does not rely on a review of sufficiency of the evidence. 182 Wn.2d at 479. The Court of Appeals had affirmed Walker's conviction despite misconduct by minimizing the prejudicial impact because of overwhelming evidence of guilt. The high court wrote that, even if the State has strong evidence to affirm the convictions had the defendant challenged the

14

sufficiency of the evidence, the focus must be on the misconduct and its impact, not on the evidence that was properly admitted. The voluminous number of slides depicting statements of the prosecutor's belief as to defendant's guilt, shown to the jury just before it was excused for deliberations, was presumptively prejudicial and difficult to overcome, even with an instruction. The ruling in *Walker* may be limited to its unique facts. Otherwise *Walker* may have silently overruled numerous Washington decisions that weigh the vigor of the State's evidence when assessing prejudice.

I previously asked how appellate judges, who did not observe the entire trial and who know nothing about the twelve jurors' thoughts and deliberations, determine whether a curative instruction will prevent the jury from being influenced by the prosecuting attorney's misstatement. I question how a reviewing court can adjudge whether the jury would still have convicted the defendant if the prosecutor had not engaged in the misconduct. A jury consists of twelve representatives of the community, with each juror being influenced differently by evidence and argument. Appellate judges' pampered existence in an ivory tower disqualifies them from being representatives of the community. As one earlier court observed:

> It is highly improper for courts, trial or appellate, to speculate upon what evidence appealed to a jury. Jurors and courts are made up of human beings, whose condition of mind cannot be ascertained by other human beings. Therefore it is impossible for courts to contemplate the probabilities any evidence may have upon the minds of the jurors.

15

*State v. Robinson*, 24 Wn.2d 909, 917, 167 P.2d 986 (1946). If the parties wanted judges to sit in the seat of jurors and recreate the thoughts of jurors, the parties would have waived a jury trial.

The rule that the defendant must show that a curative instruction could not prevent prejudice assumes that a curative instruction helps. The rule is based on the presumption that the jury follows the court's instruction. *State v. Smith*, 144 Wn.2d 665, 679, 30 P.3d 1245, 39 P.3d 294 (2001). Many jurists question the efficacy of a curative instruction under any circumstances. United States Supreme Court Justice Robert Jackson wrote: "The naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction." *Krulewitch v. United States*, 336 U.S. 440, 453, 69 S. Ct. 716, 93 L. Ed. 790 (1949) (Jackson, J. concurring); quoted in *State v. Arredondo*, 188 Wn.2d 244, 280, 394 P.3d 348 (2017) (Gonzalez, J. dissenting); *State v. Craig*, 82 Wn.2d 777, 789, 514 P.2d 151 (1973) (Stafford, J. dissenting); *State v. Newton*, 109 Wn.2d 69, 74, n.2, 743 P.2d 254 (1987).

I return to *State v. Johnson*, 158 Wn. App. 677 (2010), wherein the prosecutor told the jury that, to acquit the defendant, the jury needed to find a reason for its doubt in the defendant's guilt and that the jury needed to disbelieve the defendant's testimony. The *Johnson* court measured the seriousness of the prosecutor's misstatement by determining if a jury instruction cured any prejudice. This court held that the arguments, despite an

16

accurate jury instruction on the presumption of innocence, constituted flagrant and ill-intentioned misconduct and incurable by a trial court's instruction. The court wrote:

> Although the trial court's instructions regarding the presumption of innocence may have minimized the negative impact on the jury, and we assume the jury followed these instructions, a misstatement about the law and the presumption of innocence due a defendant, the bedrock upon which [our] criminal justice system stands, constitutes great prejudice because it reduces the State's burden and undermines a defendant's due process rights.

*State v. Johnson*, 158 Wn. App. at 685-86 (2010) (alteration in original) (internal quotation marks omitted). Angela Mendoza's prosecuting attorney battered the bedrock of our criminal justice system when misstating the presumption of innocence. A broad reading of *Johnson* stands for the proposition that no jury instruction may cure this misstatement and a new trial is demanded. This court chooses not to follow the path of *Johnson*.

*State v. Reed*, 168 Wn. App. 553 (2012) contrasts with *State v. Johnson* and Justice Robert Jackson's observation. *Reed* suggests that, if the prosecuting attorney utters only one erroneous statement of law, the misconduct is not flagrant. In *State v. Reed*, this court observed that the prosecutor engaged in misconduct by stating in rebuttal argument that the presumption of innocence "does last all the way until you walk into that [jury] room and start deliberating." 168 Wn. App. at 578 (alteration in original). Nevertheless, trial defense counsel did not object to the prosecuting attorney's statement.

17

This court affirmed the conviction because Reed failed to demonstrate that the remark was so flagrant and ill-intentioned that no curative instruction would have been capable of neutralizing the resulting prejudice. This court also noted that the prosecuting attorney only uttered the error once and did not couple the error with any other obviously improper arguments. The *Reed* court reasoned that a simple instruction from the trial court indicating that the presumption of innocence may be overcome, if at all, only *during* the jury's deliberations would have been sufficient to overcome any prejudice resulting from the prosecutor's remark.

Other decisions conclude that the prosecutor committed flagrant and ill-intentioned misconduct, when eroding the presumption of innocence, but the prosecuting attorney also committed other misconduct. In *State v. Venegas*, the prosecutor argued, in closing, that the presumption of innocence "erodes each and every time you hear evidence that the defendant is guilty." 155 Wn. App. at 519. This court found this misstatement of the law to be a flagrant misconduct. Nevertheless, the State's counsel also informed the jury that it must provide a reason for any doubt in the defendant's guilt. Defense counsel did not object to either misstatement of the law. This court held that cumulative error denied Venegas a right to a fair trial. We do not know if one isolated comment disparaging the presumption of innocence would have led to a reversal. We do not know if this court would have held only one misstatement to be prejudicial.

18

In *State v. Evans*, this court reversed a conviction for first degree robbery. The prosecutor told the jury that the presumption of innocence "kind of stops once you start deliberating." 163 Wn. App. at 643. Nevertheless, the prosecutor also suggested to the jury that its role was to decide the truth of what happened, not merely whether the State proved the elements of the crime beyond a reasonable doubt. The prosecutor told the jury that the jury must be able to explain or supply a reason for its doubt before acquitting the defendants. The court did not expressly declare that misstating the presumption of innocence was inherently flagrant and incurable. The *Evans* court reversed because of cumulative error. We do not know if the court would have reversed only if the prosecutor misstated the presumption of innocence. The court also noted that the case against the defendants was not so strong that the court could hold the prosecutor's comments harmless. The State only had one witness to testify about the events and that witness had credibility problems. The victim refused to cooperate.

I have highlighted hitches inherent in an appeals court's review of a conviction because of prosecutorial misconduct. I solicit firmer principles and methods of resolving appeals that narrow the ability of judges to employ varying analyses and thereby utilize their own attitudes of justice when assessing misconduct and prejudice.

The decision as to whether prosecutorial misconduct warrants a new trial for Angela Mendoza poses a more difficult question than the majority opinion recognizes. I

19

No. 34374-0-III
*State v. Mendoza* (concurring)

agree, however, with the majority. The prevailing Washington view reverses convictions in trials wherein the prosecuting attorney eroded the presumption of innocence only when the prosecutor uttered other misstatements of the law. Angela Mendoza's trial court rendered a jury instruction that properly instructed the jury on the presumption of innocence. During trial, Angela Mendoza supplied no plausible explanation as to why she returned, for a refund, toys to a local Toys R Us store and represented that the franchise shipped the purchased toys to her home, when someone had earlier stolen the toys from the victim's locked storage unit.

I CONCUR:

_____
Fearing, C.J.

20