IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | | |
|---|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76734-8-I | |
| Respondent, | ) | | |
| | ) | DIVISION ONE | |
| v. | ) | | |
| | ) | | |
| RONALD ALLEN AHLQUIST II, | ) | UNPUBLISHED OPINION | |
| | ) | | |
| Appellant. | ) | FILED: July 24, 2017 | |
| | ) | | |

BECKER, J. — Ronald Ahlquist was prosecuted for causing the death of his elderly father and taking his money. He appeals his convictions for manslaughter, theft, and identity theft. He contends the trial court should have instructed the jury that deliberations must include all 12 jurors at all times. Because Ahlquist shows no manifest constitutional error, we decline to address this issue raised for the first time on appeal. We also decline to remand for entry of written findings supporting the court's decision to admit certain statements into evidence. The lack of written findings is harmless error.

According to testimony at trial, police were dispatched to a Brush Prairie residence on October 7, 2013, to investigate a death. They found the body of Ahlquist's father wrapped in an air mattress in the back of a van. A medical examiner determined that Ahlquist's father had died from malnutrition due to dementia and neglect. Ahlquist had been his father's sole caretaker. He told

police he was not helping his father to eat and he guessed he had not seen his father for a couple of weeks before he died.

Police discovered that Ahlquist had been using a debit card issued in his father's name and associated with an account where his father's social security benefits were deposited. Ahlquist admitted to using the debit card to buy items for himself.

Trial occurred in January 2016. Ahlquist's defense was, generally, that he provided the level of care that his father wanted. He claimed that he had permission to access his father's social security benefits.

After deliberating for about four hours, the jury convicted Ahlquist and determined by special verdicts that alleged aggravating circumstances were present. Ahlquist was sentenced to 110 months of confinement. He appeals the judgment and sentence.

Ahlquist contends that he was deprived of a fair trial and his right to a unanimous verdict because the court did not specifically instruct the jury that deliberations must include all 12 jurors at all times. Criminal defendants are guaranteed the right to a unanimous verdict, reached through deliberations which are the common experience of all jurors. WASH. CONST. art. I, §§ 21, 22; State v. Lamar, 180 Wn.2d 576, 583, 327 P.3d 46 (2014). This right is violated when, for example, a court instructs the jury to bring an alternate juror "'up to speed'" on deliberations that already occurred and proceed from there. Lamar, 180 Wn.2d at 582. Such an instruction affirmatively tells the reconstituted jury not to deliberate together. Lamar, 180 Wn.2d at 582. Ahlquist contends that the brief

period of deliberations indicates a reasonable possibility that some of the 12 jurors discussed his case without the benefit of every other juror's presence.

The trial court gave a standard instruction on deliberations:

> As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to re-examine your own views and to change your opinion based upon further review of the evidence and these instructions. You should not, however, surrender your honest belief about the value or significance of evidence solely because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of reaching a verdict.

See 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 1.04 (4th ed. 2016). Ahlquist did not object to this instruction, nor did he propose any alternative or additional instruction on jury deliberations. He raises the issue of jury unanimity for the first time on appeal. Thus, he is required to demonstrate manifest constitutional error. RAP 2.5(a).

An error is manifest if it caused actual prejudice, that is, if it had practical and identifiable consequences at trial. State v. Gordon, 172 Wn.2d 671, 676, 260 P.3d 884 (2011). The question is whether the error is so obvious on the record that it warrants appellate review. State v. O'Hara, 167 Wn.2d 91, 99-100, 217 P.3d 756 (2009). "If the facts necessary to adjudicate the claimed error are not in the record on appeal, no actual prejudice is shown and the error is not manifest." State v. McFarland, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995).

Ahlquist claims that the possibility of prejudice here is "not just theoretical." He asserts that the short period of deliberation means the jury may have divided

3

into groups to deliberate on the different charges, with the understanding that each group would then adopt the conclusions reached by the others. He suggests one or more jurors likely left to use the bathroom while the remaining jurors continued to discuss the case.

Ahlquist's hypothetical scenarios are based entirely on speculation. He fails to show manifest constitutional error, and we decline to address his argument on the merits.

Ahlquist also contends the court erred by failing to enter written findings in support of a decision to admit statements he made to police. He does not challenge the decision itself.

Before admitting a defendant's statements into evidence, a trial court must conduct a hearing and, after the hearing, enter written findings supporting its decision. CrR 3.5(a), (c). The trial court conducted the required hearing on January 19, 2016. The court then gave an oral ruling admitting Ahlquist's statements from two police interviews. The court did not enter written findings as required by CrR 3.5(c). We accept the State's concession that this was error.

Ahlquist contends the appropriate remedy is remand for entry of written findings. A court's failure to enter the findings required by CrR 3.5 is considered harmless error if the court's oral comments are sufficient to permit appellate review. State v. Cunningham, 116 Wn. App. 219, 226, 65 P.3d 325 (2003). Here, the court's oral comments on the record of the CrR 3.5 hearing are sufficient. The court explained its rationale as to why admitting the statements

would not violate Ahlquist's constitutional rights.  We decline to remand for entry of written findings.

Appellate costs will not be imposed against Ahlquist absent a showing of change in his indigent status.  RAP 14.2.

Affirmed.

Becker, J.

WE CONCUR:

Leach, J.

Spindler, J.