IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34079-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JASON DARBY BURRILL, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Jason Burrill asks us to reverse his controlled substance

convictions based on the trial court's asserted error in failing to specifically instruct

jurors that they must engage in deliberations only when all 12 were assembled together in

the jury room. He did not request such an instruction at trial, and error, if any, is not

preserved. For that reason and because Mr. Burrill raises no meritorious arguments in a

statement of additional grounds, we affirm.

FACTS AND PROCEDURAL BACKGROUND

Given the limited scope of issues on appeal, little discussion of the facts or

procedure is required.

Mr. Burrill was charged with one count of possession of methamphetamine with intent to deliver, and one count of possession of hydrocodone with intent to deliver. The evidence supporting the charges was obtained when Yakima detectives executed two search warrants: the first, for Mr. Burrill's motor home, and a second for his car.

Before trial, Mr. Burrill moved the trial court to suppress evidence seized from a backpack officers found in the back seat of his car. He claimed that in the declaration in support of search warrant requests, a detective misrepresented or omitted material facts about the unreliability and untruthfulness of the confidential informant on whom the detective relied. Mr. Burrill requested a *Franks*[1] hearing to establish the asserted misrepresentations or omissions.

The trial court heard preliminary argument about the asserted need for a *Franks* hearing from the prosecutor and defense counsel several months before trial. Neither side called any witnesses. At the conclusion of the argument, the trial court orally denied Mr. Burrill's request for a *Franks* hearing. It found that even if the facts Mr. Burrill identified as omitted or misrepresented were true, the inclusion of those facts in the affidavit for a search warrant would not have had a material impact on the finding of probable cause.

---

[1] *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

2

No. 34079-1-III
*State v. Burrill*

At trial, the court gave two Washington pattern instructions that speak generally about the need for a unanimous verdict in a criminal trial.[2] It was not asked to give, and did not give, an instruction that jurors should only engage in deliberations if all 12 jurors were assembled in the jury room.

At the conclusion of trial, the jury found Mr. Burrill guilty of possession of methamphetamine with intent to deliver and, with respect to the hydrocodone, guilty of the lesser included offense of possession. Based on those verdicts and a jury finding that

_____

[2] Jurors were given the following instructions:

> *As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict.* Each of you must decide the case for yourself, but *only after you consider the evidence impartially with your fellow jurors.* During your deliberations, you should not hesitate to re-examine your own views and to change your opinion based upon further review of the evidence and these instructions. You should not, however, surrender your honest belief about the value or significance of evidence solely because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of reaching a verdict.

and

> When you begin deliberating. you should first select a presiding juror. The presiding juror's duty is *to see that you discuss the issues in this case in an orderly and reasonable manner. that you discuss each issue submitted for your decision fully and fairly, and that each one of you has a chance to be heard on every question before you.*
>
> . . . .
> Because this is a criminal case, *each of you must agree* for you to return a verdict. *When all of you have so agreed.* fill in the verdict form to express your decision.

Clerk's Papers (CP) at 49 (Instruction 2) (emphasis added), 63-66 (Instruction 18) (emphasis added).

3

Mr. Burrill committed the former crime within 1,000 feet of a school bus stop, the court

sentenced him to 94 months' total confinement. He appeals.

## ANALYSIS

### *Instruction on unanimous deliberations*

Mr. Burrill contends the trial court deprived him of a fair trial and his right to a

unanimous verdict because it failed to instruct jurors that deliberations must occur only

when all 12 jurors were present in the jury room. He relies on our Supreme Court's

decision in *State v. Lamar*, 180 Wn.2d 576, 580, 584-85, 327 P.3d 46 (2014), in which

the illness of one juror after deliberations began and the trial court's directive to the

remaining 11 jurors to bring the alternate juror "up to speed" created a real risk that the

alternate did not participate in all deliberations. The court observed that "'[t]he

requirement that 12 persons reach a unanimous verdict is not met unless those 12 reach

their consensus through deliberations which are the common experience of all of them.'"

*Id.* at 585 (quoting *People v. Collins*, 17 Cal. 3d 687, 693, 552 P.2d 742, 131 Cal. Rptr.

782 (1976)). The court reversed Mr. Lamar's conviction and remanded for a new trial,

which Mr. Burrill contends is what we should do in his case.

In Mr. Burrill's case, no alternate replaced one of the original jurors. But he

suggests that since the jurors' deliberations took over 3 hours during which they were

allowed a lunch break and some presumably used a bathroom, the State cannot

4

demonstrate that the only deliberations taking place were among all 12, while assembled in the jury room.

This division of our court has twice rejected this same argument in unpublished opinions. In *State v. Tucker*, No. 33714-6-III, (Wash. Ct. App. Oct. 25, 2016) (unpublished), http://courts.wa.gov/opinions/, *review denied*, 187 Wn.2d 1022 (2017), the panel concluded that because Mr. Tucker did not request such an instruction in the trial court nor object to the instructions that were given, he was entitled to review on appeal only if he could demonstrate a "'manifest error affecting a constitutional right.'" *Id.*, slip-op. at *1 (citing RAP 2.5(a)(3)). The panel concluded that because Mr. Tucker's arguments were based on pure speculation, he did not demonstrate that the claimed error was "manifest." Demonstrating "manifest" constitutional error requires a sufficiently complete trial record for the appellate court to determine whether the asserted error actually prejudiced a defendant by having practical and identifiable consequences at trial. *Id.* (citing *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009)). Like Mr. Tucker, Mr. Burrill is unable to demonstrate manifest constitutional error. If any error occurred, it was not preserved.

In *State v. Walsh*, No. 34396-1-III, (Wash. Ct. App. July 18, 2017) (unpublished), http://courts.wa.gov/opinions/, the panel rejected Mr. Walsh's argument based on the failure to object in the trial court as well as on the basis that he cited no decision that

demands instructing jurors that they may not deliberate unless all 12 are present in the jury room, participating simultaneously.

We reject Mr. Burrill's assignment of error for the same reasons the argument was rejected in *Tucker* and *Walsh*.[3]

### Costs on appeal

Mr. Burrill asks the panel to exercise its discretion to waive costs on appeal. Under RAP 14.2, "[a] commissioner or clerk of the appellate court will award costs to the party that substantially prevails on review, unless the appellate court directs otherwise in its decision terminating review." In order for the panel to exercise informed discretion, a general order of this division requires an appellant to request waiver of costs on appeal in his or her opening brief or by a motion filed and served within 60 days following the filing of the opening brief. *See* Gen. Order of Division III, *In re the Matter of Court Administration Order re: Request to Deny Cost Award* (Wash. Ct. App. June 10, 2016), http://www.courts.wa.gov/appellate_trial_courts/. If the appellant is alleging

---

[3] Division One has also rejected Mr. Burrill's argument, for similar reasons, in at least four unpublished decisions. *See State v. Ahlquist*, No. 76734-8-I, slip op. at \*2 (Wash. Ct. App. July 24, 2017), http://www.courts.wa.gov/opinions/pdf/767348.pdf; *In re Det. of Malone*, No. 72306-5-I, slip op. at \*11 (Wash. Ct. App. May 30, 2017), http://www.courts.wa.gov/opinions/pdf/723065.pdf; *State v. Villatoro*, No. 73332-0-I, slip op. at 5 (Wash. Ct. App. Apr. 3, 2017), http://www.courts.wa.gov/opinions/pdf/733320.pdf, *review denied*, 189 Wn.2d 1011 (2017); and *State v. Matos-Ramos*, No. 71467-8-I (Wash. Ct. App. Feb. 21, 2017), http://www.courts.wa.gov/opinions/pdf/714678.pdf.

inability to pay, he or she is required by the general order to provide the trial court's

indigency report and a report as to continued indigency and likely future inability to pay.

*Id.*

Mr. Burrill complied with our general order. Based on the information provided,

we decline to award the State costs on appeal.

## STATEMENT OF ADDITIONAL GROUNDS

In a pro se statement of additional grounds (SAG), Mr. Burrill raises two. Only

one is sufficiently identified for review.[4]

*Whether the trial court erred in allowing the prosecuting attorney to argue a*

*"pre-Franks" issue.* Mr. Burrill appears to believe that the trial court erred by allowing

the State to present evidence at the pre-*Franks* hearing.

If police obtain a search warrant by deliberately or recklessly presenting false,

material information to the magistrate (or omitting the same), the search warrant is not

valid. *Franks*, 438 U.S. at 155, 171. An evidentiary hearing—referred to as a *Franks*

hearing—is required when a defendant "makes a substantial preliminary showing that a

---

[4] Mr. Burrill's second complaint is that a sergeant who testified at trial was instructed not to mention foot traffic to Mr. Burrill's mobile home observed on the day of the arrest but then, in responding to a defense question about whether he had seen two particular people, answered, "I saw a lot of people." Report of Proceedings at 280, 353. A motion for a mistrial on account of the violation of the court's order was denied, but the defense requested a cautionary instruction, which was given. Mr. Burrill's SAG insufficiently identifies the nature and occurrence of any error that was not cured by the cautionary instruction. *See* RAP 10.10(c).

7

false statement knowingly and intentionally, or with reckless disregard for the truth, was included [or excluded] by the affiant in the warrant affidavit." *Id.* at 155-56. "[T]he defendant must also show that if the deliberately or recklessly false statements were omitted, or if the deliberately or recklessly misleading omissions included, probable cause would have been absent." *United States v. McMurtrey*, 704 F.3d 502, 509 (7th Cir. 2013).

Because it is not always easy to draw the line between a showing that does or does not warrant a *Franks* hearing, trial courts have discretion to grant the accused an opportunity "to supplement or elaborate on [his] original submissions" in a pre-*Franks* hearing. *Id.* In *McMurtrey*, the court cautioned that at the pre-*Franks* hearing stage, the trial court "should not give the government an opportunity to present its evidence on the validity of the warrant without converting the hearing into a full evidentiary *Franks* hearing, including full cross-examination of government witnesses." *Id.* at 504.

When the trial court entertained pre-*Franks* argument below, it did not entertain any presentation of evidence from the State on the validity of the warrant. Having considered Mr. Burrill's showing, the trial court found that the asserted misrepresentations and omissions were not material to the magistrate's decision to issue search warrants. Giving the State a chance to argue the immateriality of the asserted misrepresentations and omissions does not unfairly deprive a defendant of a full hearing because if the facts are immaterial, no hearing is needed. No error is shown.

8

No. 34079-1-III
*State v. Burrill*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Siddoway, J.

WE CONCUR:

Korsmo, J.

Lawrence-Berrey, A.C.J.

9