IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34854-7-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 34855-5-III) |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| DONNY JAMES ST. PETER, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — A jury convicted Donny James St. Peter of several felonies.

On appeal, Mr. St. Peter argues the trial court failed, sua sponte, to instruct the jury that

it must deliberate only when all twelve jurors are assembled together in the jury room.

We affirm.

FACTS

The facts of Mr. St. Peter's case are not pertinent to the arguments on appeal. In

brief, the trial judge issued standard Washington pattern criminal jury instructions at the

close of trial. No exceptions were taken by either party. Jury deliberations lasted less

than an hour. The jury then rendered guilty verdicts on all crimes charged.

ANALYSIS

Mr. St. Peter argues he was denied his constitutional right to a unanimous verdict when the trial court failed to instruct the jury that it must deliberate only when all twelve jurors are assembled together in the jury room. Because Mr. St. Peter did not raise this issue at the time of trial, our review turns on whether Mr. St. Peter can establish a "manifest error affecting a constitutional right" as contemplated by RAP 2.5(a)(3).

Mr. St. Peter has not met the applicable standard for appellate review of an unpreserved error. Although Mr. St. Peter had a constitutional right to ensure all 12 jurors participated in deliberations, *State v. Lamar*, 180 Wn.2d 576, 580, 584-85, 327 P.3d 46 (2014), there are no facts suggesting this did not occur. To establish manifest error, "[t]he defendant must make a plausible showing that [an alleged] error" affected his or her rights at trial and "resulted in actual prejuidice, which means that the claimed error had practical and identifiable consequences in the trial." *Id*. at 583. No such showing has been made. Mr. St. Peter's speculation that a juror may have left the jury room during deliberations or that a postverdict jury poll could have revealed a nonunanimous verdict[1] is insufficient to warrant review under RAP 2.5(a)(3).

---

[1] Mr. St. Peter declined the trial court's offer to have the jury polled.

2

Nos. 34854-7-III; 34855-5-III
*State v. St. Peter*

Our court has rejected arguments identical to the ones raised by Mr. St. Peter in at least three unpublished decisions: *State v. Tucker*, No. 33714-6-III (Wash. Ct. App. Oct. 25, 2016) (unpublished), https://www.courts.wa.gov/opinions/pdf/337146_unp.pdf, *review denied*, 187 Wn.2d 1022 (2017); *State v. Walsh*, No. 34396-1-III (Wash. Ct. App. July 18, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/343961_unp.pdf; and *State v. Burrill*, No 34079-1-III (Wash. Ct. App. Jan. 4, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/340791_unp.pdf. We reject Mr. St. Peter's assignment of error for the reasons previously articulated in *Tucker*, *Walsh*, and *Burrill*.

## CONCLUSION

The judgment of conviction is affirmed. Mr. St. Peter's motion to not award appellate costs is granted.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Korsmo, J.

3