
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 76671-6-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| KEVIN LEEROY CRUSON, | ) | |
| Appellant. | ) | FILED: September 17, 2018 |

APPELWICK, C.J. — Cruson was convicted of first degree criminal trespass - domestic violence, and violation of a no-contact order. He argues that the trial court erred in instructing the jury on how to deliberate to reach valid unanimous verdicts. We affirm.

## FACTS

The State charged Cruson with residential burglary - domestic violence, violation of a no-contact order, and bail jumping. The State alleged that on September 23, 2015, Cruson broke into the home of Nickee Gwinner, the mother of his two children, in violation of a no-contact order, and subsequently failed to appear as ordered at a pretrial hearing on October 5, 2016.

A trial was held on March 6 through 14, 2017. After giving jury instructions, the trial court told the jury,

> You're free as a group to conduct your deliberations in any way that seems suitable to you and is consistent with the instructions I've given, but I have a few suggestions that may help you proceed more smoothly. Unlike the instructions about the law, these remarks are only suggestions and they won't be given to you in writing.

The court then made broad suggestions to the jury, encouraging them to "respect each other's opinions," and to "listen carefully to each other." It also gave examples of different ways to conduct a vote.

The jury found Cruson not guilty of residential burglary, but guilty of the lesser included offense of first degree criminal trespass - domestic violence, and guilty of violating a no-contact order. The jury could not reach a unanimous verdict on the bail jumping charge. Cruson appeals.

## DISCUSSION

Cruson's sole argument on appeal is that the trial court erred in instructing the jury on how to deliberate to reach valid unanimous verdicts, depriving him of his right to a fair trial and unanimous verdicts. He argues that the court failed to instruct the jury on the constitutional framework for jury deliberations, and affirmatively misinstructed the jury that it could "'conduct [its] deliberations in any way that seems suitable.'"

The state constitution requires that a jury be unanimous in its verdict in a criminal case. State v. Lamar, 180 Wn.2d 576, 583, 327 P.3d 46 (2014). A unanimous jury vote is a consensus reached after each juror examines the evidence and the parties' arguments about what the evidence means, in light of the jury instructions, and all of the jurors exchange their individual perceptions, experiences, and assessments. Id. at 585.

Because Cruson did not object to the trial court's instructions below, RAP 2.5(a) precludes him from raising this issue for the first time on appeal unless he can show that the instruction is a "manifest error affecting a constitutional right."

RAP 2.5(a)(3); State v. O'Hara, 167 Wn.2d 91, 98, 217 P.3d 756 (2009). For an error to be manifest, there must be evidence of "actual prejudice" having "'practical and identifiable consequences [at] trial.'" Id. at 99 (quoting State v. Kirkman, 159 Wn.2d 918, 935, 155 P.3d 124 (2007)). "[T]o determine whether an error is practical and identifiable, the appellate court must place itself in the shoes of the trial court to ascertain whether, given what the trial court knew at that time, the court could have corrected the error. Id. at 100. If the trial court could not have foreseen the potential error or the record on appeal does not contain sufficient facts to review the claim, the alleged error is not manifest. Lamar, 180 Wn.2d at 583.

Cruson argues that the trial court properly instructed the jury that deliberation must occur in the jury room. But, he asserts that the trial court did not "instruct the jury that deliberations may only proceed when all [12] jurors are present." And, Cruson contends that the trial court made matters worse when it "affirmatively misinformed the jury, 'You're free as a group to conduct your deliberations in any way that seems suitable to you and is consistent with the instructions.'"

The trial court instructed the jurors with the identical instruction approved by the court in Lamar. 180 Wn.2d at 580, 585. In two published decisions, this court has rejected arguments that the trial court must instruct the jury that deliberations may proceed only when all 12 jurors are present: State v. Sullivan, 3 Wn. App. 2d 376, 379, 380-81, 415 P.3d 1261 (2018) and State v. St. Peter, 1 Wn. App. 2d 961, 962-63, 408 P.3d 361 (2018). Failure to give such an instruction was not error.

3

The trial court's additional statement, "You're free as a group to conduct your deliberations in any way that seems suitable to you and is consistent with the instructions I've given," did not affirmatively misinform the jury. It is not comparable to the error in Lamar, when the trial court instructed the jury to bring the alternate juror "up to speed" after deliberations had taken place. See Lamar, 180 Wn.2d at 580-81. Here, the trial court did not contradict its earlier instructions in which it explicitly told jurors, in accordance with 11 Washington Practice: Washington Pattern Jury Instructions: Criminal 1.04 (4th ed. 2016), that they had a duty to discuss the case with each other and to deliberate in an effort to reach a unanimous verdict.

Cruson has not established manifest error.

Alternatively, Cruson argues that even without evidence of actual prejudice, we should reverse his conviction. Citing State v. Wise, 176 Wn.2d 1, 288 P.3d 1113 (2012), he argues that the trial court's "failure to instruct a jury on how to reach constitutionally valid verdicts" constitutes structural error. Structural error is a special category of constitutional error that affects the framework within which the trial proceeds, rather than simply an error in the trial process itself. Id. at 13-14. Structural error is not subject to harmlessness analysis, nor should a defendant be required to prove specific prejudice in order to obtain relief. Id. at 14.

In Wise, our Supreme court held that it was structural error when the trial court closed voir dire to individually question prospective jurors in chambers without first considering factors from State v. Bone-Club, 128 Wn.2d 254, 258-59, 906 P.2d 325 (1995). 176 Wn.2d at 15. Unlike Wise, Cruson has not established

4

that any error occurred when the jury was not instructed that all jurors must be present during all deliberations. No jury instruction on the issue was requested. No jury instruction on the issue was denied. No authority is cited that such an instruction was required or that denial of such a request is necessarily error. Error must exist before we need to decide what type of error it is and whether prejudice must be shown.

We affirm.

Appelwick, C.J.

WE CONCUR:

Andrus, J.

Dwyer, J.