IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76859-0-I |
| Respondent, | ) | (consolidated with 77058-6-I) |
| | ) | |
| v. | ) | DIVISION ONE |
| | ) | |
| KEITH EDWIN EAGLE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 5, 2018 |

SMITH, J. — Keith Eagle appeals his conviction for third degree assault against a law enforcement officer. Eagle argues that prosecutorial misconduct prejudiced his right to a fair trial and that there was insufficient evidence to support his conviction. We disagree and affirm.

## FACTS

On September 26, 2016, Krysta Applewhite called 911 when she heard a man yelling at a woman and the woman yelling "'someone call 911.'" Clerk's Papers (CP) at 1. Officers Kyle Campo and Joshua Murdock responded to the domestic complaint. Officer Campo contacted D.O., who claimed that Eagle hit her, pulled her hair, took her phone from her when she tried to call 911, and pushed her to the ground, causing her to cut herself on the gravel. Officer Campo then spoke to Eagle by phone, and Eagle agreed to meet officers at a nearby park. Officer Murdock arrived at the park and approached Eagle's

vehicle. After speaking with Eagle briefly, Officer Murdock advised him that he was under arrest. Eagle did not submit to arrest. Eventually Officer Murdock had to physically force Eagle to the ground to place him into custody. The altercation was recorded by a surveillance video.

The State originally charged Eagle with third degree assault against a law enforcement officer and fourth degree assault against D.O. When D.O. insisted that the incident leading to the fourth degree assault charge was a misunderstanding, the State dropped that charge.

During the jury trial, both Officer Campo and Officer Murdock testified. Officer Murdock testified that, although he did not remember Eagle making contact with him, he remembered Eagle trying to hit him and that he believed the surveillance video showed that Eagle did hit him. The court also admitted the surveillance video into evidence. Eagle did not testify. During deliberations, the jury twice asked to view the surveillance video and viewed the video frame-by-frame. The jury returned a guilty verdict.

After the trial, Eagle moved for arrest of judgment and a new trial, challenging sufficiency of the evidence, the frame-by-frame display of the video, and the jury's failure to request a frame-by-frame viewing in writing. The trial court denied the motion and sentenced Eagle to nine months of confinement. The trial court entered findings of fact and conclusions of law supporting its denial of the motion for a new trial. Specifically, the court found that the video and the officers' testimony provided sufficient evidence of third degree assault and that the frame-by-frame playback did not prejudice Eagle. Eagle appeals.

## PROSECUTORIAL MISCONDUCT

Eagle argues that the prosecutor committed reversible misconduct when the prosecutor referenced the 911 call in his opening statement and when the prosecutor solicited testimony from Officer Campo that the officer took photographs as part of his investigation. We disagree.

"To prevail on a claim of prosecutorial misconduct, the defendant must establish 'that the prosecutor's conduct was both improper and prejudicial in the context of the entire record and the circumstances at trial.'" State v. Thorgerson, 172 Wn.2d 438, 442, 258 P.3d 43 (2011) (internal quotation marks omitted) (quoting State v. Magers, 164 Wn.2d 174, 191, 189 P.3d 126 (2008)). Where the defendant moves for a mistrial based on alleged prosecutorial misconduct, we will give deference to the trial court's ruling on the matter. State v. Stenson, 132 Wn.2d 668, 719, 940 P.2d 1239 (1997). "The trial court is in the best position to most effectively determine if prosecutorial misconduct prejudiced a defendant's right to a fair trial.'" Id. (internal quotation marks omitted) (quoting State v. Luvene, 127 Wn.2d 690, 701, 903 P.2d 960 (1995)).

Here, before trial, Eagle presented a motion in limine requesting that Applewhite's testimony on the circumstances of the 911 call that she made be excluded as irrelevant. The trial court granted the motion.

In his opening statement, the prosecutor explained that Officer Murdock and Officer Campo responded to a dispatch on the date of the alleged assault. He described their investigative activities: "They contacted witnesses, spoke to the reporting person, the person who called 911. They took photographs."

3

Report of Proceedings (RP) (Feb. 21, 2017) at 27. Defense counsel objected

and the trial court excused the jury. Defense counsel asked for a mistrial,

arguing that the prosecutor's reference to the 911 call violated the court's ruling

on the defense motion in limine. The trial court denied the motion for a mistrial,

holding that the reference to the 911 call did not describe the substance of that

call and that an instruction to the jury to disregard the remark would cure any

prejudice. The court then instructed the jury as follows:

> Members of the Jury, I'm going to remind you, we talked about this
> a little bit earlier, the only thing you are going to use in this case, to
> determine the case is the instructions from the Court and the
> evidence as we present them [sic]. The lawyers' statements are
> not evidence. You are to disregard any statements or argument by
> the attorneys that are not consistent with the facts you determine
> them to be.

Id. at 32. The 911 call did not come up again during the trial.

We presume that the jury followed the trial court's instructions and did not

consider the 911 call. State v. Lamar, 180 Wn.2d 576, 586, 327 P.3d 46 (2014)

("'Juries are presumed to follow instructions absent evidence to the contrary.'")

(quoting State v. Dye, 178 Wn.2d 541, 556, 309 P.3d 1192 (2013)). As such, this

statement by the prosecutor was not prejudicial and does not require reversal.

The trial court did not abuse its discretion in denying Eagle's motion for a mistrial.

Eagle also argues that the prosecutor committed misconduct when he

solicited testimony from Officer Campo that the officer took photographs. Eagle

claims that the testimony evidenced his prior trouble with the law and suggested

that he had the propensity to commit the crime charged. We disagree.

During Officer Campo's testimony, the prosecutor asked Officer Campo questions about his investigation. Specifically, he asked, "[W]hat things did you do?" RP (Feb. 21, 2017) at 39. Officer Campo responded, "In the stage of my investigation I took photographs." Id. Defense counsel again objected and the trial court excused the jury. Defense counsel argued that any discussion about the photographs taken in the underlying investigation was improper because that incident was not relevant to the charged offense. The trial court overruled the objection but allowed a continuing defense objection to any additional details of the underlying investigation.

The prosecutor's question and Officer Campo's response were neither improper nor prejudicial. The State was required to prove that Officer Murdock was assaulted while he was performing his official duties, and evidence that there was an investigation satisfied that element. Officer Campo did not give any details about the content of the photographs taken or the underlying investigation. The prosecutor's question was not improper, and Officer Campo's response did not prejudice Eagle's right to a fair trial. Reversal is not necessary.

## FAILURE TO EXCLUDE INADMISSIBLE EVIDENCE

Eagle argues that the trial court erred in admitting evidence of the underlying investigation because the potential for prejudice outweighed its probative value. We disagree.

Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." ER 401. Relevant evidence is admissible unless a rule of law

5

prohibits its admission. ER 402. ER 403 prohibits the trial court from admitting relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Unfair prejudice is prejudice that is more likely to arouse an emotional response than a rational decision by the jury and suggests a decision on an improper basis. State v. Cronin, 142 Wn.2d 568, 584, 14 P.3d 752 (2000) "[N]early all evidence will prejudice one side or the other," and "[e]vidence is not rendered inadmissible under ER 403 just because it may be prejudicial." Carson v. Fine, 123 Wn.2d 206, 224, 867 P.2d 610 (1994).

A trial court sits in the best position to determine the prejudicial effect of evidence. State v. Powell, 166 Wn.2d 73, 81, 206 P.3d 321 (2009). We review a trial court's decision to admit or exclude evidence for abuse of discretion. State v. Gunderson, 181 Wn.2d 916, 922, 337 P.3d 1090 (2014). A trial court abuses its discretion when it makes a manifestly unreasonable decision or bases its decision on untenable grounds or reasons. Id. at 922.

Here, to convict Eagle of third degree assault, the State had to prove that Officer Murdock "was performing his or her official duties" at the time of the assault. CP at 37. Eagle argues that the prosecutor's opening statements that the police responded to a 911 call, contacted witnesses, took photographs, and spoke to the reporting person, as well as Officer Campo's testimony that he took photographs, were improper admissions of evidence. As discussed above, the trial court properly instructed the jury to disregard the prosecutor's remarks that were not consistent with the evidence. RP (Feb. 21, 2017) at 32. Additionally, Officer Campo's testimony was probative to the extent that it proved he and

Officer Murdock were performing their official duties at the time of the assault. Eagle does not show that the danger of unfair prejudice outweighed the evidence's probative value, and nothing in these statements refers to the nature or circumstances of the underlying investigation. For these reasons, the trial court did not abuse its discretion in admitting Officer Campo's testimony.

## SUFFICIENCY OF THE EVIDENCE

Eagle argues that the State presented insufficient evidence that he intended to assault Officer Murdock when he swung his arm at him. We disagree.

Due process requires the State to prove beyond a reasonable doubt every element of the crime charged. In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Evidence is sufficient to support a conviction if, viewed in the light most favorable to the State, any rational trier of fact could have found the elements of the relevant crime proven beyond a reasonable doubt. State v. Green, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). In challenging sufficiency of the evidence, the defendant "admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). The jury is the sole and exclusive judge of the evidence. State v. Bencivenga, 137 Wn.2d 703, 709, 974 P.2d 832 (1999). We do not reweigh the evidence or substitute our judgment for that of the jury. Green, 94 Wn.2d at 221. "Instead, we defer to the jury's resolution of conflicting testimony, evaluation of witness credibility, and decisions regarding

7

the persuasiveness of evidence." State v. Johnson, 159 Wn. App. 766, 774, 247 P.3d 11 (2011).

To convict Eagle of third degree assault, the State had to prove beyond a reasonable doubt that Eagle intended to (1) touch or strike Officer Murdock, (2) inflict bodily injury on Officer Murdock but failed to accomplish that purpose, or (3) create apprehension and fear of bodily injury in Officer Murdock.

Here, taking the evidence in the light most favorable to the State, there is sufficient evidence of Eagle's intent to commit assault. Officer Murdock testified that Eagle was resisting arrest and he decided that he needed to "go hands on" with Eagle to physically take control of him. RP at 62. Eagle then resisted by "[p]ulling away and then making a fist with one of his hands which he raised above his head, which I believe was an attempt to strike me." Id. Officer Murdock stated that he "[a]bsolutely" believed he was going to be struck by Eagle. Id. While Officer Murdock did not remember actually getting hit, he testified that "after viewing the video it does appear he did make contact with me." Id. at 64. Officer Murdock also stated that within a couple of minutes after the altercation, he noticed that he had a headache. Id. This was sufficient evidence for a rational trier of fact to find that Eagle intentionally assaulted Officer Murdock.

Eagle argues that the jury did not decide that he assaulted Officer Murdock after the close of evidence, but rather came to their conclusion after they were able to view the video frame-by-frame during deliberations. But, this court should not consider the point at which a jury makes up their minds about

guilt or innocence because that is evidence of jurors' mental processes that inheres in the verdict. State v. Hatley, 41 Wn. App. 789, 793-94, 706 P.2d 1083 (1985). Eagle argues that the frame-by-frame playback of the video biased the jury's perception of his intent by making his arm motion seem more deliberate than it appeared at regular speed. But, even assuming this were true, the video is not the only evidence of Eagle's intent. Officer Murdock's testimony alone provides sufficient evidence of Eagle's intent. Reversal is not warranted.

We affirm.

WE CONCUR: