# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50712-9-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| YELENA ALEXANDER SHUBOCHKINA, | |
| Appellant. | |

MAXA, C.J. – Yelena Shubochkina appeals her conviction of second degree identity theft arising out of her unauthorized use of a credit card. On the second day of jury deliberations, the trial court excused a juror and replaced her with an alternate juror. But the court did not instruct the jury on the record that they must disregard all previous deliberations and begin deliberations anew with the alternate juror.

We hold that the trial court erred in failing to instruct the reconstituted jury on the record to disregard previous deliberations and to begin deliberations anew with the alternate juror. We also reject Shubochkina's assertion in a statement of additional grounds (SAG) that that her conviction of the inferior degree offense of second degree identity theft should be dismissed with prejudice because the jury found her not guilty of first degree identity theft.

Accordingly, we reverse Shubochkina's conviction of second degree identity theft and remand for further proceedings.[1]

---

[1] Shubochkina also argues that she received ineffective assistance of counsel because counsel failed to object to certain evidence and asserts in her SAG that the trial court erred by imposing

FACTS

The State charged Shubochkina with first degree identity theft for the use of a credit card belonging to a man with whom she lived. At trial, the court instructed the jury on both first degree identity theft and the inferior degree offense of second degree identity theft.

Following closing argument, the trial court temporarily excused juror 5, who was selected as the alternate juror. The court made it clear that its instructions about jurors' activities outside the courtroom, including not discussing the trial or investigating the evidence, continued to apply to the alternate. Then the jury deliberated for approximately an hour and a half.

The next day, before the jury had resumed deliberations, the court informed the parties that it had excused a juror because of a death in the family. The court stated that the alternate juror had been contacted and would be returning to the courtroom that morning. The jury was advised not to begin deliberations until the alternate juror arrived.

The court then gave both parties an opportunity to comment. The prosecutor requested that the "the jury be advised that now that they have a new member of the jury that they must restart all deliberations." Report of Proceedings (RP) at 341.

The trial court did not have any discussion with the alternate juror when she returned. Instead, the court's judicial assistant directed her to go straight into the jury room. The court also did not instruct the jury on the record that they were required to disregard prior deliberations and restart deliberations anew. Instead, the court stated, "[The judicial assistant] will again remind them that they must start anew with Juror No. 5 because they did have about an hour and

---

legal financial obligations after finding that she was indigent. Because we reverse Shubochkina's conviction, we do not address these claims.

a half of deliberations yesterday." RP at 341-42. The judicial assistant's directions to the jury were not placed on the record.

The jury returned a verdict that afternoon. The jury found Shubochkina not guilty of first degree identity theft but guilty of the second degree identity theft.

Shubochkina appeals her conviction.

ANALYSIS

A.    REPLACING A DELIBERATING JUROR WITH AN ALTERNATE JUROR

Shubochkina argues that the trial court erred in replacing the excused juror with an alternate juror without instructing the reconstituted jury on the record to disregard previous deliberations and begin deliberations anew with the alternate juror. We agree.[2]

1.    Legal Principles

CrR 6.5 addresses the procedure for replacing an initial juror with an alternate juror after the jury has begun deliberations. When alternate jurors are temporarily excused, "the trial judge shall take appropriate steps to protect alternate jurors from influence, interference or publicity, which might affect that juror's ability to remain impartial." CrR 6.5. Before seating an alternate juror for deliberations, the trial court "may conduct brief voir dire." CrR 6.5. In addition, "[i]f the jury has commenced deliberations prior to replacement of an initial juror with an alternate juror, the jury shall be instructed to disregard all previous deliberations and begin deliberations anew." CrR 6.5.

Article I, sections 21 and 22 of the Washington Constitution guarantee criminal defendants the right to an impartial jury and a unanimous verdict. *See State v. Armstrong*, 188

---

[2] Shubochkina also argues that the trial court erred in replacing the excused juror with an alternate juror without questioning the alternate juror about her continuing impartiality. Because we reverse on other grounds, we do not address this issue.

Wn.2d 333, 340, 394 P.3d 373 (2017). Replacing an initial juror with an alternate juror directly relates to these constitutional rights. *State v. Ashcraft*, 71 Wn. App. 444, 463, 859 P.2d 60 (1993). Therefore, complying with CrR 6.5 has constitutional implications. *State v. Lamar*, 180 Wn.2d 576, 582-86, 327 P.3d 46 (2014). This court reviews claims of constitutional error de novo. *State v. Blancaflor*, 183 Wn. App. 215, 222, 334 P.3d 46 (2014).

The failure to give an appropriate jury instruction under CrR 6.5 is subject to a harmless error analysis. *See id.* at 228.

2.  Failure to Instruct Jury to Restart Deliberations

CrR 6.5 clearly states that when an alternate juror replaces an initial juror, "the jury *shall* be instructed to disregard all previous deliberations and begin deliberations anew." (Emphasis added.) Courts repeatedly have held that the trial court's failure to give such an instruction *on the record* is reversible error of constitutional magnitude. *Lamar*, 180 Wn.2d at 585-86; *Blancaflor*, 183 Wn. App. at 218, 222; *State v. Stanley*, 120 Wn. App. 312, 318, 85 P.3d 395 (2004); *Ashcraft*, 71 Wn. App. at 464. "An appellate court must be able to determine *from the record* that jury unanimity has been preserved." *Ashcraft*, 71 Wn. App. at 465.

Here, the trial court did not instruct the reconstituted jury to disregard all previous deliberations and begin deliberations anew with the alternate juror. Instead, the court stated that the judicial assistant "will again remind them that they must start anew with Juror No. 5 because they did have about an hour and a half of deliberations yesterday." RP at 341-42.

The State argues that the trial court's statement that the judicial assistant would remind the jury to start deliberations anew was an instruction to the jury on the record. However, we interpret CrR 6.5 as requiring the trial court to give a formal instruction to the jury on the record

stating that they must restart deliberations. The informal direction from a judicial assistant here did not satisfy the CrR 6.5 requirement.[3]

We hold that the trial court erred by not instructing the jury on the record to disregard previous deliberations and begin deliberations anew with the alternate juror. And the State does not argue that any error was harmless in this case. The appropriate remedy for this error is reversal of Shubochkina's conviction with remand for a new trial. *See Blancaflor*, 183 Wn. App. at 229.

B.      CONVICTION OF INFERIOR DEGREE OF CHARGED CRIME

Shubochkina asserts in her SAG that her conviction of second degree identity theft is invalid because the jury found her not guilty of first degree identity theft. We disagree.

A criminal defendant generally can be convicted only of crimes that are charged in the information. *State v. Corey*, 181 Wn. App. 272, 275, 325 P.3d 250 (2014). However, under RCW 10.61.003, where the defendant is charged with a crime consisting of different degrees, "the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto."

Here, Shubochkina was charged by amended information with first degree identity theft. The trial court gave a jury instruction regarding the possibility of convicting Shubochkina of second degree identity theft and gave both a definitional instruction and a to-convict instruction on second degree identity theft. Under the plain language of RCW 10.61.003, the jury could validly convict Shubochkina of second degree identity theft as an inferior degree offense even though the jury found her not guilty of first degree identity theft.

---

[3] Even if a judicial assistant's informal direction to the jury could satisfy CrR 6.5, here that direction was not made on the record and the record does not show what the judicial assistant actually told the jury.

Accordingly, we reject Shubochkina's SAG claim.

CONCLUSION

We reverse Shubochkina's conviction of second degree identity theft and remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.

We concur:

_____
WORSWICK, J.

_____
MELNICK, J.