## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 76358-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| KEVIN PATRICK SULLIVAN, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 30, 2018 |
| | ) | |

MANN, A.C.J. — Kevin Sullivan appeals his conviction for one count of burglary in the second degree. Sullivan argues that he was deprived of his constitutional right to a unanimous jury verdict because the trial court failed, sua sponte, to instruct the jury that all deliberations must always involve all jurors. We affirm Sullivan's conviction. We remand, however, for the trial court to correct two scrivener's errors in Sullivan's sentence.

## FACTS

The State charged Sullivan with one count of burglary in the second degree. The State alleged that on October 23, 2016, Sullivan and codefendant Aaron Fox unlawfully entered an unoccupied home in Renton with intent to commit a crime.

A trial was held on January 4 through 10, 2017. The State proposed a set of the standard jury instructions, including Washington Pattern Jury Instruction (WPIC) 1.04[1] which states:

> As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and to change your opinion based upon further review of the evidence and these instructions. You should not, however, surrender your honest belief about the value or significance of evidence solely because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of reaching a verdict.

Instruction 14 further informed the jury how to initiate and carry out the deliberative process, and explained that each juror has the right to be heard. Sullivan did not object to these two instructions, or propose any additional instructions.

After deliberating less than two hours, the jury found Sullivan guilty as charged. A poll of the jury confirmed that their verdict was unanimous. Sullivan appeals.

## ANALYSIS

*Unanimity Instruction*

The primary issue in this case is whether the trial court erred by failing to instruct the jury that they must complete all deliberations when all twelve jurors are in the jury room. Sullivan argues that without such an instruction, "there is no basis to assume the verdicts rendered were the result of the common experience of all of the jurors."

Because Sullivan did not request such an instruction below, nor object to the trial court's instructions given, RAP 2.5(a) precludes him from raising this issue for the first

---

[1] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 1.04 (4th ed. 2016) (WPIC).

time on appeal unless he can show that failure to provide the additional instruction is a "manifest error affecting a constitutional right." RAP 2.5(a)(3); State v. O'Hara, 167 Wn.2d 91, 98, 217 P.3d 756 (2009). For an error to be manifest, there must be evidence of "actually prejudice" having "practical and identifiable consequences [at] trial." O'Hara, 167 Wn.2d at 98-99. "If the facts necessary to adjudicate the claimed error are not in the record on appeal, no actual prejudice is shown and the error is not manifest." State v. McFarland, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995), as amended (Sept. 13, 1995).

Sullivan relies primarily on State v. Lamar, 180 Wn.2d 576, 327 P.3d 46 (2014). In Lamar, the trial court provided the pattern jury instruction, WPIC 1.04, on the first day of jury deliberations. Lamar, 180 Wn.2d at 580. On the second day of deliberations, however, a juror fell ill and the trial court substituted an alternate juror. Instead of instructing the jury to begin deliberations anew, the trial court instructed the remaining jurors to spend some time "reviewing" and "recapping" the past deliberations to bring the alternate juror "up to speed" and then to resume deliberations. Lamar, 180 Wn.2d at 580-81.

While our Supreme Court found that the original instruction, patterned after WPIC 1.04, was constitutional, it held that the second instruction was "manifest constitutional error" because the instruction "affirmatively told the reconstituted jury not to deliberate together as is constitutionally required." Lamar, 180 Wn.2d at 582. The court then determined the error was prejudicial because the jury is presumed to follow the trial courts instructions, "absent evidence to the contrary." Lamar, 180 Wn.2d at 586.

-3-

No. 76358-0-I/4

In this case, the trial court instructed the jurors with the identical instruction approved by the court in Lamar. Lamar, 180 Wn.2d at 585. This instruction informed the jurors that they had the duty to discuss the case with each other and to deliberate together in an effort to reach a unanimous verdict. Juries are presumed to follow their instructions absent evidence to the contrary. State v. Dye, 178 Wn.2d 541, 556, 309 P.3d 1192 (2013). Here, the post-verdict poll in which the jurors confirmed they reached a unanimous verdict supports that presumption. "Polling a jury, when properly carried out, is generally evidence of jury unanimity" unless "the record affirmatively shows a reason to seriously doubt that the right has been safeguarded." Lamar, 180 Wn.2d at 587-88.

Sullivan offers no evidence that the jury failed to deliberate as a whole. Instead, Sullivan's argument relies entirely on speculation, arguing "it is safe to assume one or more jurors left the jury room . . . , if for no other reason than to use a bathroom" during the two hours of deliberations. "[S]peculation that a juror may have left the jury room during deliberations . . . is insufficient to warrant review under RAP 2.5(a)(3)." State v. St. Peter, 1 Wn. App. 2d 961, 963, 408 P.3d 361 (2018).[2]

---

[2] Sullivan's argument has been repeatedly rejected in unpublished opinions prior to Division Three's opinion in St. Peter. See, e.g., State v. Ahlquist, No. 76734-8-I (Wash. Ct. App. July 24, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/767348.pdf, review denied, 189 Wn.2d 1034, 407 P.3d 1145 (2018); State v. Tucker, No. 337,14-6-III (Wash. Ct. App. Oct. 25, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/337146_unp.pdf, review denied, 187 Wn.2d 1022, 390 P.3d 343 (2017); State v. Walsh, No. 34396-1-III (Wash. Ct. App. July 18, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/343961_unp.pdf; State v. Burrill, No. 34079-1-III, slip op. at [3] (Wash. Ct. App. Jan. 4, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/340791_unp.pdf. We see no reason not to follow these previous decisions.

No. 76358-0-I/5

We hold that without evidence to demonstrate that the jury did not deliberate as a whole, the asserted error is not "manifest" and we decline to address Sullivan's argument on the merits. See RAP 2.5(a)(3).

*Scrivener's Errors*

The State concedes that Sullivan's judgment and sentence has two scrivener's errors that require correction. The judgment and sentence misstates the date on which he was found guilty, January 11, 2017 instead of January 10, 2017. It also incorrectly states the statutory maximum punishment as five years, instead of ten years for a class B felony. RCW 9A.52.030(2); RCW 9A.20.021(b). The remedy for clerical or scrivener's errors in judgment and sentence forms is remand to the trial court for correction. CrR 7.8(a); see RAP 7.2(e).

We affirm Sullivan's conviction, but remand for the trial court to correct the scrivener's errors.

_____
Mann, ACJ.

WE CONCUR:

_____
Cox, J.

_____
Becker, J.

-5-