Siddoway, J.
Korsmo, J. (dissenting in part)
¶ 19 I believe it was within the trial judge's fact-finding authority to infer that Mr. Romish was responsible for the need to repaint the Bobcat and the other expenses associated with the defendant's possession of it. Most certainly, the restitution order was justified under the court's authority to double the victim's proven losses. Accordingly, I would affirm.
¶ 20 Trial courts have statutory authority to impose restitution on defendants convicted of a crime. RCW 9A.20.030(1) provides in part:
If a person has gained money or property or caused a victim to lose money or property through the commission of a crime, upon conviction thereof ... the court ... may order the defendant to pay an amount, fixed by the court, not to exceed double the amount of the defendant's gain or victim's loss from the commission of a crime. Such amount may be used to provide restitution to the victim at the order of the court.
A court's decision respecting the amount of restitution is reviewed for abuse of discretion. State v. Tobin , 161 Wash.2d 517, 523, 166 P.3d 1167 (2007) ; State v. Davison , 116 Wash.2d 917, 919, 809 P.2d 1374 (1991). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. State ex rel. Carroll v. Junker , 79 Wash.2d 12, 26, 482 P.2d 775 (1971).
¶ 21 The court shall order restitution "whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property." RCW 9.94A.753(5). In interpreting the restitution statutes, we must "recognize that they were intended to require the defendant to face the consequences of his or her criminal conduct." Tobin , 161 Wash.2d at 524, 166 P.3d 1167. Accordingly, the court should not engage in an overly technical construction that would permit the defendant to escape from just punishment. Id. The legislature intended "to grant broad powers of restitution" to the trial court. Davison , 116 Wash.2d at 920, 809 P.2d 1374.
¶ 22 Restitution must be established by a preponderance of the evidence. State v. Kinneman , 155 Wash.2d 272, 285, 119 P.3d 350 (2005). Evidence is sufficient to support a restitution order if it provides a reasonable basis, other than conjecture or speculation, to estimate the loss. Id. ; State v. Fleming , 75 Wash. App. 270, 274-75, 877 P.2d 243 (1994).
*551 Restitution is not limited to cases where the damage computation is simple. Kinneman , 155 Wash.2d at 285, 119 P.3d 350. Since restitution is an aspect of the sentencing process, the Rules of Evidence do not apply. ER 1101(c)(3) ; State v. Kisor , 68 Wash. App. 610, 620, 844 P.2d 1038 (1993). Instead basic due process concerns govern this situation-whether the defendant had the opportunity to contest the evidence and whether the evidence was reasonably reliable. Kisor , 68 Wash. App. at 620, 844 P.2d 1038.
¶ 23 Here, Mr. Romish had the ability to contest the restitution request and did so by cross-examining the Bobcat's owner, although he did not present any testimony of his own. He also did not challenge the prosecutor's incorporation of the affidavit of facts into the restitution hearing memorandum. The Bobcat was stolen in the early morning of August 16, 2016. Clerk's Papers at 1-4. Mr. Romish pleaded guilty to possessing the stolen Bobcat on August 23, 2016. The question before us is whether the trial court erred by inferring that the physical damages (painting and damaged taillight) occurred during the 14-16 hours that defendant admittedly possessed the Bobcat instead of during the 6 days when the Bobcat was stolen and/or possessed by persons unknown. I think the trial court was quite able to infer that the painting occurred during Mr. Romish's possession of the Bobcat and that he bears the responsibility for that expense. The Bobcat simply was not gone long enough that the court was required to believe someone else caused the damages; it was reasonable to conclude that Mr. Romish was the responsible party.
¶ 24 At a minimum, those costs, along with the rental costs that the majority is reversing, were well within the court's discretionary authority under the doubling provision of RCW 9A.20.030(1). For both of those reasons, I would affirm. The trial judge carefully and thoughtfully considered the case, and did so with all relevant statutory and due process concerns in mind. He rejected the restitution request that was not supported by any live testimony, while giving full restitution to the claim that was supported, at least in part, by the victim's testimony. On this record, there simply was no abuse of discretion.
¶ 25 For the noted reasons, I respectfully dissent.