IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36730-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DAVID MICHAEL ROMISH, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — David Romish appeals the sentencing court's award of $3,408.34 in restitution. We affirm.

## FACTS

David Romish possessed a Bobcat front loader and other equipment earlier reported as stolen.

## PROCEDURE

David Romish pled guilty to possessing stolen property in the first degree. At a restitution hearing, the sentencing court ordered Romish to pay restitution totaling $9,825.88. On appeal, Romish challenged the trial court's imposition of the restitution order. This court reversed the restitution amount. We concluded that the State did not

establish causation between Romish's possessing the Bobcat front loader and some of the

claimed damages to the Bobcat.

This court remanded for a new restitution hearing, with specific limitations:

> On remand, the trial court has discretion to calculate the amount of restitution causally connected to Mr. Romish's August 23, 2016, offense conduct date. This would include service costs, rental fees for the day the Bobcat was discovered in Mr. Romish's possession, and rental fees for the period that the Bobcat was out of use for servicing. But pursuant to the terms of this opinion, restitution cannot include the costs of repainting the Bobcat or replacing the taillight [sic]. Also excluded are rental fees incurred prior to August 23 or for the period that the Bobcat was out of use solely for repainting and repair of the tail light.

*State v. Romish*, 7 Wn. App. 2d 510, 517, 434 P.3d 546 (2019).

The sentencing court conducted the new restitution hearing. During the hearing,

and for the first time, the State requested that the court double the amount of restitution

pursuant to statute. The trial court ruled:

> [THE COURT]: So on the evidence I have, what I'm going to order is two days of rental. One day for August 23rd, when Mr. Romish had the Bobcat in his possession, one day for the reasonable repair work that would have had to be done, at least one day, but I have no evidence it's more than one day. So that's $104.86 per day, based on the estimates that I was given from the State and their request in their motion indicating that the total cost divided by 47 days was $104.86 per day.
> I will order the requested amount for the repair that took out the taillight and the painting, that was $994.45. I will also order repayment to the victim of $500 that he had to pay for his deductible. That's a total of $1,704.17. The State has requested that I exercise discretion to make the victim whole. The statute does allow for up to double of that amount. I

2

> will grant that. That means the total amount of restitution will be
> $3,408.34.

Report of Proceedings at 9-10.

In response, David Romish argued that the State sought to double the restitution to punish him for winning on appeal. Romish also emphasized his indigency status and his documented history of mental health issues as reasons to forgo doubling the restitution. The State replied that the sentencing court should double the restitution in order to make the victim whole. The sentencing court did not change its ruling. The court set repayment at five dollars per month.

## LAW AND ANALYSIS

David Romish appeals the second restitution order. Romish contends that the language of RCW 9.94A.750(3) does not support doubling the entire amount of the recalculated restitution. Romish further argues that doubling the $1,704.17 restitution amount was not required to make the victim whole. Romish does not argue that the trial court should have denied doubling the amount because the State punished him by appealing the earlier order. Nor does Romish argue that the trial court erred by imposing double the amount because this court's earlier opinion did not expressly authorize the trial court to do so. The State contends that, because restitution serves both punitive and compensatory goals, the trial court did not abuse its discretion when it doubled the

3

amount of restitution owed for each victim's loss.

The sentencing court holds discretion when imposing a restitution order, and we will not disturb the order on appeal absent an abuse of discretion. *State v. Tobin*, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007); *State v. Mead*, 67 Wn. App. 486, 490, 836 P.2d 257 (1992). A trial court's authority to order restitution is purely statutory. *State v. Griffith*, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). Whether a trial court exceeded its statutory authority is an issue of law reviewed de novo. *State v. Peterson*, 174 Wn. App. 828, 856, 301 P.3d 1060 (2013).

The controlling statute, RCW 9.94A.753, declares in part:

> (1) When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within one hundred eighty days except as provided in subsection (7) of this section. . . . The court should take into consideration the total amount of the restitution owed, the offender's present, past, and future ability to pay, as well as any assets that the offender may have.
> . . . .
> (3) Except as provided in subsection (6) of this section, restitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury. . . . The amount of restitution shall not exceed double the amount of the offender's gain or the victim's loss from the commission of the crime.
> . . . .
> (5) Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property or as provided in subsection (6) of this section unless extraordinary

4

circumstances exist which make restitution inappropriate in the court's judgment and the court sets forth such circumstances in the record.

Under subsection (3) of the statute, the sentencing judge may order restitution ranging from zero in extraordinary circumstances up to double the offender's gain or the victim's loss. *State v. Tobin*, 161 Wn.2d 517, 524 (2007).

RCW 9.94A.010 lists the purposes behind restitution:

(1) Ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history;
(2) Promote respect for the law by providing punishment which is just;
(3) Be commensurate with the punishment imposed on others committing similar offenses;
(4) Protect the public;
(5) Offer the offender an opportunity to improve himself or herself;
(6) Make frugal use of the state's and local governments' resources; and
(7) Reduce the risk of reoffending by offenders in the community.

Washington courts, when interpreting restitution statutes, recognize that the law intends to require the offender to face the consequences of their criminal misconduct. *State v. Davison*, 116 Wn.2d 917, 922, 809 P.2d 1374 (1991). We do not engage in overly technical construction that would permit a defendant to escape from just punishment. *State v. Tobin*, 161 Wn.2d at 524. The legislature intended to grant broad

5

powers of restitution to the sentencing court.  *State v. Tobin*, 161 Wn.2d at 524; *State v. Davison*, 116 Wn.2d at 920.

Restitution furthers both punitive and compensatory purposes.  *State v. Kinneman*, 155 Wn.2d 272, 279, 119 P.3d 350 (2005).  RCW 9.94A.753(3) in particular promotes restitution as punitive because the statute authorizes an amount that exceeds the amount necessary to compensate the victim.  *State v. Kinneman*, 155 Wn.2d at 280.  The sentencing court, however, should double restitution only after a consciously exercised choice utilized to further the purposes of the restitution statute.  *State v. Fleming*, 75 Wn. App. 270, 276, 877 P.2d 243 (1994).

David Romish's sentencing court consciously exercised its choice to order restitution above the actual damages established at the new restitution hearing. RCW 9.94A.753(3) does not require that the trial court articulate its reasons for exercising its discretion to impose the doubling provision.

Whereas David Romish contends that the plain language of the restitution statute does not support doubling the recalculated restitution amount, his argument conflicts with the statutory language.  He also fails to provide authority showing that the trial court erred when it doubled the amount for the actual loss for both victims.

CONCLUSION

We affirm the sentencing court's restitution award of $3,408.34.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, J.

7