IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 86396-7-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| BRYCE JOSEPH LACASSE, | |
| Appellant. | |

BOWMAN, A.C.J. — Bryce Joseph Lacasse appeals the trial court's amended judgment and sentence. He argues that the court erred by ordering restitution for a dismissed burglary charge and by imposing interest on the total amount of restitution. He also argues, and the State concedes, that the judgment and sentence contains clerical errors. We affirm the restitution order but remand for the trial court to correct the clerical errors in the judgment and sentence.

FACTS

On September 7, 2023, Lacasse pleaded guilty to second degree theft and attempting to elude a police vehicle. As part of the plea agreement, the trial court dismissed several charges under five other cause numbers. Still, the court ordered that Lacasse "pay for restitution on all dismissed counts."[1]

---

[1] At sentencing, the court specifically ordered Lacasse to pay $2,224.25 in restitution related to the second degree theft conviction and interest on the total restitution obligations. The schedule of restitution provided that "[r]estitution may be amended at a future date should there be additional damages, loss or medical claims." The court waived the other legal financial obligations, including the victim assessment fee and criminal filing fee.

One of the counts dismissed as part of the plea agreement was for second degree burglary under Whatcom County cause number 21-1-00879-37.[2]  A probable cause affidavit[3] submitted in support of that charge shows that in January 2020, Farid Poormokhtar reported that someone burglarized a locked storage container on his vacation property.  The affidavit states that Poormokhtar hired Lacasse and Desiree Atchley to "clean up" his property.  And that Poormokhtar and Lacasse had a conflict "over exorbitant rates [Lacasse] charged without accomplishing any work."

During this time, Poormokhtar noticed that someone had moved his surveillance cameras and took their memory cards.  Then he discovered that someone stole an antique wood-fired cook stove and new Stihl chainsaws from the storage container.  The probable cause affidavit states that "[n]umerous other items were also stolen from the [storage] container."  Poormokhtar suspected that Lacasse stole the items.  And Atchley later "hinted" that Lacasse "might be involved."

In February 2021, an officer investigating an unrelated crime found an antique cook stove that matched Poormokhtar's photos of his stolen stove.  The person in possession of the stove said Lacasse sold him the stove "along with a Stihl chainsaw."  Whatcom County deputies arrested Lacasse for second degree

---

[2] The judgment and sentence incorrectly states that the cause number is 20-1-879-37.

[3] The State moved for leave to supplement the appellate record with this probable cause affidavit.  Because the record "is not sufficiently complete to permit a decision on the merits of the issues" without the affidavit, we grant the State's motion. *See* RAP 9.10.

burglary and first degree trafficking in stolen property. And in December 2021, Poormokhtar submitted a restitution claim, seeking restitution for over 30 stolen items valued at $7,356.[4]

On January 16, 2024, the State moved to amend the schedule of restitution for Lacasse's current convictions and order him to pay Poormokhtar $7,356 in restitution for the dismissed burglary charge. On February 13, the trial court held a restitution hearing, at which Poormokhtar testified.

Poormokhtar said all the items listed in his restitution claim went missing after the incident. But he also testified that about a month had passed between when he saw the property undisturbed and when he realized the items were missing. When asked about other people's access to his property, Poormokhtar said, "Obviously, people can open the gate and go in," but "I don't think anybody, you know, related to my friends or family are going to go there." He said that although someone took the cameras from his property, he had a picture of "some truck . . . coming" before the cameras were disabled.

Lacasse asked the trial court to deny the State's motion to amend the restitution order, arguing that except for the antique stove, it failed to show a causal connection between Lacasse's burglary and the missing items. The trial court granted the State's motion and amended Lacasse's judgment and sentence to add $7,356.00 in restitution, for a total restitution amount of $9,580.25.

Lacasse appeals.[5]

---

[4] The list included camping equipment, a wood chipper shredder, drills, chainsaws, and several other power tools.

[5] The trial court found Lacasse indigent for the purpose of appeal.

ANALYSIS

Lacasse challenges the restitution amount imposed for the dismissed burglary charge and several clerical errors in the judgment and sentence.

1. Restitution

Lacasse argues the trial court erred by imposing $7,356 in restitution for the dismissed burglary charge because there was an insufficient causal connection between the claimed losses and his criminal conduct.  We disagree.

We review the amount of a restitution award for abuse of discretion.  *State v. Griffith*, 164 Wn.2d 960, 965, 195 P.3d 506 (2008).  A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons.  *State v. Dye*, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013).  We review a trial court's factual findings for substantial evidence.  *Griffith*, 164 Wn.2d at 965.

A court's authority to impose restitution is statutory.  *Griffith*, 164 Wn.2d at 965.  A court must order restitution when the defendant "is convicted of an offense which results in injury to any person or damage to or loss of property."  RCW 9.94A.753(5).  It must also order restitution if the defendant "pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that [he] be required to pay restitution to a victim of an offense . . . which [is] not prosecuted pursuant to a plea agreement."  *Id.*

A court may order restitution only for losses that are " 'causally connected' to the crimes charged."  *State v. Tobin*, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007) (quoting *State v. Kinneman*, 155 Wn.2d 272, 286, 119 P.3d 350 (2005)).

"Losses are causally connected if, but for the charged crime, the victim would not have incurred the loss." *Griffith*, 164 Wn.2d at 966. To determine whether a causal connection exists, we look to the underlying facts of the charged offense. *Id.* If the defendant challenges the restitution amount that the State seeks, the State must prove causation and damages by a preponderance of the evidence. *State v. Romish*, 7 Wn. App. 2d 510, 549, 434 P.3d 546 (2019). Only after the State establishes a causal connection "does the sentencing court gain broad discretion to order restitution amounts within the statutory limits." *Id.*

Here, Lacasse agreed to pay restitution for the dismissed second degree burglary charge in cause number 21-1-00879-37. The probable cause affidavit states that along with the antique cook stove and chainsaws, "[n]umerous other items were . . . stolen from the [storage] container" during the burglary. And Poormokhtar submitted a restitution claim identifying the other stolen items and their estimated total value of $7,356. At the restitution hearing, Poormokhtar testified that all the items he identified went missing after the burglary. So, the State proved by a preponderance of the evidence that but for the burglary, Poormokhtar would not have incurred the losses.

Lacasse argues that under *Griffith*, Poormokhtar's losses were not causally connected to the burglary. In that case, the defendant Griffith sold several pieces of jewelry that had been stolen in a burglary, and she later pleaded guilty to possessing stolen property in the second degree. *Griffith*, 164 Wn.2d at 963-64. The trial court ordered her to pay $11,500 in restitution for all the unrecovered jewelry. *Id.* at 964. Our Supreme Court vacated the restitution

5

order, determining there was no causal connection between the crime and the losses because Griffith was convicted of possessing stolen property, and there was no evidence that she actually possessed $11,500 worth of the unrecovered property. *Id.* at 966-68.

This case is not like *Griffith*. Here, the State charged Lacasse with second degree burglary, not with possession of stolen property. While a defendant convicted of possessing stolen property "is responsible only for damage actually sustained during the course of [their] possession," a "thief is responsible for all damages incurred in connection to the victim's loss of property." *Romish*, 7 Wn. App. 2d at 515-16. So, the court could order Lacasse to pay restitution for any losses the State showed resulted from the burglary. And Poormokhtar identified the specific items stolen from his storage container.[6]

The trial court did not abuse its discretion by amending the judgment and sentence to impose $7,356 in restitution for the dismissed burglary charge.

2. Clerical Errors

Lacasse argues, and the State concedes, that the court's judgment and sentence contains several clerical errors. The remedy for clerical errors in a judgment and sentence is to remand to the trial court for correction. *State v. Sullivan*, 3 Wn. App. 2d 376, 381, 415 P.3d 1261 (2018).

---

[6] While Lacasse points out that Poormokhtar testified that about a month had passed between the time of the burglary and when he discovered the items were missing, that testimony goes to the weight of the evidence. And we defer to the trial court on the weight of the evidence. *See State v. Jackson*, 145 Wn. App. 814, 818, 187 P.3d 321 (2008).

Lacasse's judgment and sentence misstates that second degree theft is a class B felony instead of a class C felony. *See* RCW 9A.56.040(2). It also incorrectly states that the maximum sentence for second degree theft is 10 years' confinement and/or a $20,000 fine. It should say that the maximum sentence is 5 years and/or a $10,000 fine. *See* RCW 9A.20.021(1)(c). And finally, the judgment and sentence improperly states that the attempt to elude statute is RCW 46.64.024 instead of RCW 46.61.024. We remand for the trial court to correct these clerical errors in the judgment and sentence.[7]

We affirm the restitution order but remand for the trial court to correct the clerical errors in the judgment and sentence.

_____, ACJ

WE CONCUR:

_____        _____

---

[7] Lacasse also argues that his attorney performed deficiently by not moving the trial court to waive interest on the restitution imposed. Because we remand on other grounds, we authorize Lacasse to move the court to waive interest on restitution under RCW 10.82.090(2).